In re Ellen M. MARTEL, Debtor.

John J. Talarico and Philbert
O. Smaw, Plaintiffs,

v.

Ellen M. Martel, Defendant.

Bankruptcy No. 03–01873–3F7.
Adversary No. 03–346.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

May 16, 2005.

Peter J. Sziklai, Ocala, FL, for Debtor.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This proceeding came before the Court upon a complaint filed by John Talarico

and Philbert Smaw ("Plaintiffs") seeking to except the debt owed to them by Ellen Martel ("Debtor") from her discharge pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(6). In lieu of oral argument, the Court directed the parties to submit memoranda in support of their respective positions. Upon the evidence and arguments of parties, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

On September 21, 1998 Plaintiffs filed a complaint in the Superior Court of New Jersey ("the Superior Court") alleging, among other things, fraud and willful and malicious injury. Plaintiff named Debtor, Mobile Communication Solution, Inc. ("MCSI") and other persons as defendants (collectively "Defendants"). After Debtor attempted unsuccessfully to defend herself, MCSI retained an attorney to collectively represent all Defendants. Debtor terminated her affiliation and employment with MCSI in March 1999. The attorney retained to represent Defendants withdrew representation in July 1999 because Defendants failed to comply with discovery requests and failed to pay attorney's fees.

After Defendants' counsel withdrew the Superior Court suppressed Debtor's pleadings and answer without prejudice as sanctions for Debtor's failure to comply with discovery obligations. Thereafter, the Superior Court suppressed Debtor's pleadings and answer with prejudice as a further discovery sanction. Subsequently, the Superior Court entered a default judgment in favor of Plaintiffs. After a proof hearing the Superior Court determined the amount of damages ("the debt") owed to Plaintiffs by Defendants.

On February 26, 2003 Debtor filed a Chapter 7 bankruptcy petition. On June 27, 2003 Debtor received a discharge.

The Court conducted a trial on January 27, 2005. Plaintiffs and Debtor agreed to litigate only the issue of collateral estoppel and not revisit the underlying merits of the complaint and subsequent default judgment. Consequently, Plaintiff and Debtor agreed that a ruling in favor of Debtor would result in a dismissal of the adversary proceeding.

## CONCLUSIONS OF LAW

Plaintiffs contend that collateral estoppel prevents Debtor from relitigating the merits of the debt. Plaintiffs argue that because the complaint filed in the Superior Court alleged fraud and willful and malicious injury, the default judgment renders the debt nondischargeable under § 523(a)(2)(A) and § 523(a)(6). Sections § 523(a)(2)(A) and § 523(a)(6) provide:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by-
>
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; 11 § 523(a)(2)(A);
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity. 11 § 523(a)(6);

 The Court must apply New Jersey's collateral estoppel law to determine whether Debtor can litigate the merits of the debt. *St. Laurent v. Ambrose*, 991 F.2d 672, 676(11th Cir.1993) (citations omitted). In order for collateral estoppel to apply under New Jersey law five conditions must be met:

(1) the issue to be precluded is identical to the issue decided in the prior proceeding;

(2) the issue was *actually litigated* in the proceeding;

(3) the court in the prior proceeding issued a final judgment on the merits;

(4) the determination of the issue was essential to the prior judgment; and

(5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

*In re Hawkins*, 231 B.R. 222, 231 (D.N.J.1999) (citations omitted).

In determining whether collateral estoppel applies to default judgments, New Jersey law focuses on the second element of collateral estoppel. "Pursuant to New Jersey law, collateral estoppel does not apply to default judgments because such judgments are not 'actually litigated' as required by the second prong in the above test." *Hawkins*, 231 B.R. at 231 (citing *Slowinski v. Valley Nat. Bank*, 264 N.J.Super. 172, 624 A.2d 85 (1993); *N.M. v. J.G.*, 255 N.J.Super. 423, 605 A.2d 709 (1992)).

■ Even though Plaintiffs received a default judgment as a result of sanctions imposed against Debtor, collateral estoppel does not prohibit Debtor from relitigating the merits of the debt. New Jersey's collateral estoppel law does not distinguish between a default judgment entered for failure to litigate and a default judgment entered for noncompliance with court or-

ders. *See Slowinski*, 624 A.2d at 90.; *Allesandra v. Gross*, 453 A.2d 904 (1982).

■ Plaintiffs correctly argue that there is an exception carved out under federal law. *See Bush v. Balfour Beatty Bahamas*, 62 F.3d 1319 (11th Cir.1995); *Fed. Dep. Insurance Corp.*, 47 F.3d 365 (9th Cir.1995); *United States v. Gottheiner*, 703 F.2d 1136 (9th Cir.1983). If a party participates in litigation for a substantial period of time then fails to defend his case and a default judgment is entered, a federal court can apply collateral estoppel and prevent that party from relitigating the issues decided by the default. *Id.* However, this Court must apply the law as it stands in New Jersey. Collateral estoppel cannot be applied to the default judgment entered by the Superior Court in favor of the Plaintiffs. *See Slowinski*, 624 A.2d at 90.; *Allesandra*, 453 A.2d at 909.

## CONCLUSION

Because collateral estoppel does not apply to the default judgment entered by the Superior Court, Debtor's debt to Plaintiffs is not excepted from discharge on that basis. Based on the stipulations of counsel, the case will be dismissed. The Court will enter a separate judgment in accordance with these Findings of Fact and Conclusions of Law.